Joseph EDWARDS

v.

HUDSON WATERWAYS CORPORATION

v.

NORTHERN METAL COMPANY (Third Party Defendant).

Civ. A. No. CA 72–474.

United States District Court,
E. D. Pennsylvania,
Civil Division.

Aug. 1, 1974.

Avram G. Adler, Philadelphia, Pa., for plaintiff.

Robert Cox, Philadelphia, Pa., for defendant.

Andrew C. Hecker, Jr., Philadelphia, Pa., for 3rd party defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

The plaintiff, a citizen of Pennsylvania, brought this action against the defendant Corporation, a citizen of the state of New York, claiming damages for injuries sustained by him while in the process of loading cargo on board the S/S Transidaho, a vessel owned by the defendant. The complaint is bottomed on two theories: 1) the unseaworthiness of the vessel and 2) common law negligence. Defendant filed an answer denying the vessel was unseaworthy and alleging that the plaintiff's injuries were the result of his own negligence and/or the negligence of his fellow employees and employer. The defendant joined the plaintiff's employer as a third party defendant.

The plaintiff and the defendant have filed Motions for Summary Judgment based on the information developed through the use of discovery techniques.

On the question of liability, we are satisfied that there is no genuine material issue of fact in dispute, and accordingly we conclude as a matter of law that defendant's Motion for Summary Judgment against the plaintiff must be granted and that plaintiff's Motion for Summary Judgment must be denied. Defendant's Motion as third party plaintiff for Summary Judgment against third-party defendant is also denied.

The record discloses that on February 20, 1970, the plaintiff was employed as a longshoreman by the Northern Metal Company which was then engaged in loading containers of cargo aboard the S/S Transidaho. The vessel had no booms, cranes or winches of its own with which to load the containers and since Northern Metal did not have container handling equipment, a 40 foot frame or spreader bar was leased by the vessel's owner from a rigging company and shipped by truck to Northern Metal's pier. The spreader which is also referred to as a "rack" was a rectangular steel frame 8 feet wide and 40 feet long which corresponded to the length and width of the containers. It was suspended on four wire bridles which were hung on the fall of a dock-side gantry crane owned and operated by Northern Metal. There was a cage in the middle of the spreader where the plaintiff rode for the purpose of operating the levers which released and engaged the locking keys in the corner castings of the containers.

The loading procedure required the crane operator to manipulate the crane in such a manner as to lower the spreader to the top of a container where the plaintiff would cause the frame to lock onto the container. The crane operator would then raise the container, move it over the side of the vessel by rotating the crane and then lower it into the hold where the plaintiff would release the container from the frame. The spreader would then be raised from the hold and returned to the dock where the process would begin again.

At the time of the injury, the plaintiff was in the cage as it was being lowered to the pier side when it collided with a tractor trailer driven by a Northern Metal employee who was moving another container into position for loading. According to the plaintiff's testimony, "when he [the crane operator] came down a little too low with the rack, there was a trailer driving by, and it rammed into it". The impact threw the plaintiff against the side of the cage causing the injury.

In our view, the rule of *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971) *reh. den.*, 404 U.S. 1064, 92 S.Ct. 731, 30 L.Ed.2d 753, precludes a recovery for unseaworthiness. There the court held that an accident suffered by a longshoreman who was injured on the dock by allegedly defective equipment owned and operated by the stevedore employer was not governed by maritime law even though the longshoreman was engaged in loading a ship.

In the case at bar, the accident did not occur on the ship nor did it involve any part of the vessel's usual gear or appurtenances as those terms are generally understood. And conscious of the teaching of *Victory Carriers, Inc. v. Law,* supra, not to extend the historic boundaries of maritime law, we are unwilling to accept the plaintiff's contention that the spreader became part of the ship's equipment because it was provided by the vessel's owner.

■ The spreader was shore side equipment under the control of the stevedore which was not attached to, stored on or transported by the vessel. The character of the equipment does not change nor does it become part of the ship's usual gear or appurtenances merely because it was supplied to the stevedoring contractor by the owner of the vessel being loaded. Therefore, under the circumstances presented here, the spreader cannot be used as a basis for invoking maritime jurisdiction.

Moreover, even assuming the spreader was part of the ship's usual gear, a claim of unseaworthiness cannot be predicated on the isolated personal negligent acts of the plaintiff's fellow longshoremen. *Usner v. Luckenbach Overseas Corp.,* 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971). The injury here resulted from the operational negligence of the crane operator or the tractor trailer driver or both. In any event, it is clear that their conduct did not in any way create a condition which rendered the vessel unseaworthy.

The plaintiff's alternate theory of liability is based on the testimony of the master of the vessel that in his opinion it was "not safe for a man to ride continually on that spreader", but since the ship's equipment was not involved, he made no move to stop it.[1]

■ Northern Metal Company was an independent stevedoring contractor. The plaintiff, the crane operator and the driver of the tractor trailer were all employees of Northern Metal and were acting under the direct supervision of Northern Metal's foreman. None of the ship's personnel were involved in the loading process and plaintiff is unable to point to any breach of duty or actionable conduct on their part which in any way directly contributed to plaintiff's injury.

There can be no question that the proximate cause of the plaintiff's injury was the striking of the spreader by the tractor trailer after the crane operator had lowered the spreader "a little too low". These are acts over which the master of the vessel had absolutely no control and under the circumstances, his failure to act did not constitute negligence.

---

1. The master testified that the loading procedure was unorthodox because the vessel did not have container loading equipment and Northern Metal was not a container terminal. Therefore, it was necessary for Northern Metal to adapt a gantry crane for lifting containers and this was done by attaching the spreader. He assumed that this was the stevedore's standard method of operation.